The next case on the calendar is Jerkowitsch v. Chowdhury. Oh, yes, that's correct. Good morning, Your Honors. May it please the Court, my name is Emma Grunberg and I represent Officer Chowdhury. The facts alleged in this complaint establish on their own Officer Chowdhury's entitlement to qualified immunity. The district court was really only able to avoid this conclusion by refusing to accept the allegations as true, really just ignoring them and, in a footnote, mischaracterizing them as inferences rather than... The complaint doesn't tell us the content of the 911 call, does it? Not word for word, Your Honor, but the complaint does actually tell us the content of the call. The complaint alleges that a Capital One employee falsely alleged the plaintiff was trespassing, falsely alleged the plaintiff intended to commit a burglary, told NYPD to arrest plaintiff that he was trespassing, so it's uncontroverted here. The police were... Where does it say that? Sure, so it's in the complaint paragraphs 89, 90, 94. I believe other paragraphs as well, but those are the ones I have in front of me. It's uncontroverted that police here knew that Capital One believed that this person, Mr. Jerkowitsch, was not in their bank with their permission, that they did not want him there, which is the definition of criminal trespass. Now, it's correct that Mr. Jerkowitsch brings up a number of facts that he believes are relevant to his assertion that he did not know that he wasn't supposed to be in the bank, that he thought the bank was open, that he thought he was there rightfully, but Jerkowitsch is not on trial here. Those facts would be relevant to his mens rea defense in a criminal prosecution, but that's not the question here. The question is, in a qualified immunity... that the lights were on, the doors were not locked, there were two employees in the bank, and that he was sitting there waiting for someone to help him. Well, not quite, Your Honor. He alleges that there were employees in the bank when he arrives. He doesn't allege that there were employees in the bank when the officers arrived, and if the officers had arrived and the bank had been sort of bustling and there were employees, customer service employees... Do we assume for purposes of evaluating the motion that the employees left? I mean, the allegation is that there were two employees there when he... When he arrived, but not when the officers arrived. But, you know, on 12B-6, you're asking us to infer, in essence, that the employees left. Well, let's assume that... And I don't know that we should be doing that on the motion. Sure. Well, let's assume that they were still there. We still have a situation where there's no dispute that Mr. Jerkiewicz was the intended subject of the complaint, that the officers arrived, and that, sure, this may have been an ambiguous situation. Perhaps there were facts that would have supported Mr. Jerkiewicz's claim that he was not... He also alleges that the officers didn't do any investigation. They didn't ask him who he was. They didn't ask him why he was there. But because they had prima facie a probable cause from the 911 call, from Capital One, and who better to assert that there was a trespasser in the bank than the bank itself or bank security, they didn't need to conduct further investigation. The law is clear that they didn't need to do so. The investigation, they knew from the bank that the bank believed Mr. Jerkiewicz was trespassing. The investigation would really have been to determine whether or not Mr. Jerkiewicz thought he was there unlawfully or believed he was there on an authorized basis. And the law is clear that that question does not need to be answered before a probable cause to arrest arrives. I believe the case we said in Ivory Finnegan v. Marshall, this Court's decision, in that case, the Court held that it doesn't matter whether the knowledge requirement of criminal trespass is met before the arrest takes place. As long as there is prima facie a probable cause to arrest, it doesn't matter. And in that case, the plaintiff was arrested while she was taking her own property out of a home that she owned but her estranged husband resided in. And she told the officer in that case, I have title to this home. This is my home. I'm taking out my own property. And my attorney said that I could do this. The officer conducted no further investigation whatsoever. He simply knew that the estranged husband didn't want her there. And the Court concluded that there was probable cause to arrest, even though the plaintiff may succeed on that mens rea defense in a criminal prosecution because one of the owners of the home said she is trespassing. She does not have my authority to be here. That's the exact same situation here. Capital One said Jerkowich is trespassing. He does not have authority to be there. Whether or not there was an ambiguous situation, we would certainly submit that it wasn't as clear-cut a situation, that the facts as available to Officer Chaudhary were so clear-cut that he must have known that Mr. Jerkowich believed he was authorized to be in the bank. And that's really the question here. Really the question is whether at the motion-to-dismiss stage, this is the time to determine the qualified immunity issue. We have an allegation about a 911 call, but we don't know the contents of that call or any allegation, the complaint that says if the caller had firsthand knowledge, was reporting 10th-level hearsay. We don't know anything about that at this stage. We have a 911 call and then allegations that the bank was lighted, that it was open, that there were employees and customers that were in and around the bank at the time that the plaintiff arrived. Why wouldn't that at this stage be enough to require further inquiry? Well, the law is clear that qualified immunity should be determined early in the course of litigation. At the earliest possible stage. At the earliest possible stage, if the facts alleged in the complaint are sufficient to determine as a matter of law. And we believe they clearly are here. Yes, it's true that the 911 call, although the dispatch report is in the record, but admittedly we shouldn't consider that now. But while the complaint doesn't go into word-for-word what the 911 call said, how could it? It clearly alleges what the content of the call was. That Capital One or Capital One security. But if the circumstances confronting the officer when he arrived at the bank, the ones that Judge Livingston just outlined, were sufficient to call the 911 calls and emergency burglary into question, isn't that enough, looking at the allegations of the complaint, to get past the motion to dismiss stage at least and to require further inquiry? Only if the circumstances confronted by the officers, not by Mr. Jerkwich earlier, but by the officers were sufficient to be plainly exculpatory, such that further investigation would clearly be needed. That's the arguable probable cause standard if officers of reasonable competence could disagree. And I believe officers of reasonable competence could certainly disagree here. Assuming that Officer Chaudhry walked in. If you take the facts as alleged, why weren't the circumstances plainly exculpatory here? Because- The bank seemingly was open and he was sitting there waiting for someone to help him. If you look at the stills, which I don't know if we can look at them, but if you do look at them, he doesn't look like a particularly dangerous person. He looks like someone who's just there, a customer. Well, notably they did not arrest him for burglary, Your Honor. They only arrested him for trespass, and for trespass you don't need to be dangerous. You simply need to be in a building where you're not allowed to be there, and they had capital ones. If you- oh, sorry. If it's just trespass, what is there to show that he was trespassing, given the circumstances that it was 940 and the bank was seemingly open? If you accept that the bank was seemingly open, it was 940, what is there to suggest that he was trespassing other than apparently the caller? But even in those circumstances, wouldn't a reasonable police officer inquire as to whether the person was trespassing? Just because someone is there, you don't arrest them just for being present. Well, perhaps one reasonable police officer would, but that doesn't mean that every reasonable police officer would have to, having that 911 call. And just to be clear, Your Honor brought up the photos. Capital one, the video, the surveillance video, is also in this record. Capital one did submit it. The video shows that there were no employees. How is it in the record? I thought we just are entitled at this stage to look at the complaint and documents referred to by necessity in the complaint. Right. So the judge- You answered my question. Right. The judge did bring up the photos. In terms of the video, it is referenced in the complaint because the complaint says the officer should have looked at the surveillance video. Had the officer conducted further investigation and looked at the video, he would have seen that there were no employees present visible in the video. It was simply this person sitting in the bank. Now, is there probable cause for arrest for burglary? Perhaps not. But for trespass, I believe so. Again, this is not like the- There's no allegation that the officers came into the bank and confronted customers and employees there. There's only the allegation that one customer came in and left briefly before the officers got there. And the question is the circumstances confronted by the officers on the scene. And in this case, I think those circumstances were at the least ambiguous such that there was arguable probable cause to arrest. Thank you. May it please the court. Good morning, Your Honors. My name is Megan Ra from the law firm of Ryan Kim, and I represent Mr. Helmut Jerkowitz in this case. He is the appellee and the man who was arrested. Your Honor, the appellant on behalf of the arresting officer, Officer Shadry, has brought this case before the court, asking this court at this junction, which I believe I submit to the court, is a very premature stage in this litigation case. The complaint, as counsel pointed out, does give some content to the call. The complaint in paragraphs 90 and 91, thereabouts, suggests that the Capital One caller alleged that the plaintiff was trespassing. Why is that not enough for probable cause? Yes. Your Honor, I respectfully submit that the only content of the 9-1-1 call that the plaintiff alleged in our complaint is the sentence that says, upon information and belief, that an employee of Capital One called 9-1-1. We do not then go on to expound on the content. Paragraphs 90 and 91 say that Capital One falsely alleged that the plaintiff intended to commit a burglary. The police officers acted upon the statements of Capital One and the false allegation that the plaintiff was trespassing. So that does seem to give some content to the call. With respect to Your Honor's question, I would like to, at this point, agree with District Court Judge Pamela Chen, who wrote in her decision that, with respect to what Your Honor just brought up, as well as the other things that are mentioned under each causes of action that were brought against Capital One. Because, as well you know, this case was brought against both Capital One, as well as the police officers in New York City that was involved in this arrest. And the section that Your Honor just mentioned relates to the reasonable inference that the plaintiff made based on the factual allegation part of our pleadings. Which is just, does not detail the content of the 9-1-1 call made, or by whom it was made. Does that mean we should ignore it? Not ignore it. In terms of evaluating the claim against the police officer? No, not ignore it, Your Honor. But if you look at the actual part of the pleadings that has to do with the causes of action brought just against the police officers that were involved in the arrest of Mr. Jerkowitz. You will see that we do not allege the details of what was communicated to that particular police officer. Here, the appeal is being brought on behalf of Officer Chaudry. We do not know by looking at the pleadings, and if Your Honor were to give, and you will give the plaintiff, the appellee in this case, and you will look at the facts in light most favorable to us, as well as give us the reasonable inference that is due to us. And if you do that, then you will see that just like Judge Chin just brought up to the appellant, you cannot know what this particular officer knew at the time or right before he decided to make that arrest. What did he know? When did he know? How did he know? Did he speak to the employees that Mr. Helmut Jerkowitz saw upon arrival at the bank? Did he listen to the 911 call? Did anyone communicate the content of the call? What was in his possession? What knowledge was in the possession of that arresting officer? We don't know. And that was the reason that Pamela Chen, the district court judge, denied the appellant's motion to dismiss at this stage. There are gaping holes in the narrative. If you look at the pleadings, the only thing that we allege, Judge, is, Your Honors, is that there was a 911 call made, and that's based upon information and belief. Well, it's still part of the allegations of the complaint. If we conclude that the complaint alleges that the caller said that a man was trespassing, is that enough for probable cause? If, by looking at the pleadings, Your Honors could see that that particular information was communicated to the arresting officer, who's the appellant's client, Officer Chowdhury, and then Officer Chowdhury arrives at the bank at 940 in the morning on a Friday, the doors to the bank are open, there are people milling around the bank, not a lot, but there were two people, Mr. Halamajerkowicz, saw by the ATM machine inside the vestibule. He also remembers seeing two other employees of the bank inside the bank. He's sitting down. He's not dressed like a homeless person. He's just sitting down and just very calmly. He's not intoxicated or visibly under any influence of any substances. And the officers arrive. And let's say that you take the pleadings and you say, okay, this particular officer had in his mind that there was a trespasser in the bank, but he gets there. But upon seeing what I just described with the lights on, weekday, 940 in the morning, doors unlocked, everything seemingly calm and matter of course, nothing out of ordinary, then does that officer at that point have probable cause or even arguable probable cause to arrest somebody who is sitting there? No. The other way of saying it, of course, is it plainly incompetent? Would any reasonable officer not have acted on information from 911 if we take the allegations? Capital One defendants allege that the plaintiff intended to commit a burglary. Capital One defendants allege that plaintiff was trespassing and committing burglary. If we add those allegations in from the virements against Capital One as factual allegations in this complaint, it seems to me hard to say that any competent officer would have failed to act on those allegations. As you know, officers are not required to fully investigate the incident at the scene if they have probable cause. And here they have a victim saying that there's a man inside the bank who's not supposed to be there. Your Honor, that is true that the arresting officer upon arrival at the scene does not have to fully investigate. But if that particular officer was told there's a burglary going inside a bank, the bank is closed and there's a burglar inside the bank. And he arrives at the scene and he finds the doors unlocked, not just one door, but two doors. And we say that in our pleadings, two doors unlocked, the lights are on, 9.40 in the morning. And Mr. Jerkowitz is merely just sitting down calmly, then yes, Your Honor. I do think it is very unreasonable, and officers with reason would have in this shelf unreliability that they need to act upon. Sotomayor, but your complaint in paragraph 91 says that they were told that he was trespassing. There's one paragraph that says burglary, one says trespassing. What is why – what about the scenario you just described as inconsistent with trespassing? Your Honor, I'd just like to point out that that is what you said to me just now, that in one paragraph that we are making inference that maybe the call was about a trespass. The next paragraph our inference is that maybe the call was about burglary. That is precisely the problem here, that this motion that was brought here is very, very premature. And they are asking this court to sway away from what this court as well as other district courts have done in the past, that in a motion that's brought before this court or other district courts as a 12B6 motion, when discovery hasn't been done, when the narrative is unclear, where the pleadings – by looking at the pleadings, like Your Honor said, in one sense I'm saying this, the other sense I'm saying this, because the only thing we know is upon information and belief that a 911 call was made. And there are these indicias that when the officer arrives there that should have alarmed him and any other reasonable police officer that it was not what the call was about. Now, Your Honor, I'd like to just distinguish this case from the other cases where an officer arrives at a department store because there was a call about a shoplifting incident. And the caller, who is the security officer, says that's the person who took it, didn't pay for it, he's right there. There's a communication between the officer and the putative victim, and there's an identification and a description and details given to the police officer. Other cases where 12B6 motions are granted is a situation where a police officer arrives at a home pursuant to a domestic violence call. The complainant is a wife, and I do remember seeing a case of this description. The wife may complain over the phone. When the police officer gets to the house, in front of the person who ends up getting arrested, the wife again makes the same complaint to the police officer. Now, in that case, the police officer does not have the duty to go further and investigate and weigh the credibility of both the complainant as well as the 2B defendant. But those cases are very different from my case here, Your Honor, Mr. Jerkowitz's case. Because here, I don't know, and we don't know by looking at the pleadings, did the police officer know what 911 call was all about? Did he know that it was made by a putative victim? Was it made by an eyewitness? When the police officer got there, did he speak with the caller or the caller's supervisor or the caller's messenger? Did the police officer know that there were other people inside that bank besides Mr. Helmut Jerkowitz? None of that we could know. Is there a particular case that you think we should look to? Yes, many cases, Judge. What's the strongest one that you say would support your view that no reasonable officer would have taken this position, there's no arguable cause, as an objective matter on review of this complaint? Sure, Your Honor. I would like to submit to you several cases. I will start out with... Just give us your strongest. I'm sure they're in your brief as well. I wondered if you could point to one. Sure, Judge. This is a Second Circuit Court of Appeals case from 1999, Poser v. Court Officer Shield No. 207. And this particular motion was also made under 12b-6. I mean, the appeal was made... And what's the site of that case? We'll just take a look. The site of this case is 160 F 3rd 409. Your Honor, may I just give you one other case? And this other second case is Hyde v. Arresting Officer Caputo. And this is not reported, but the Westlaw number is 2001 WL 521699. Those are both 12b-6 cases. Yes, Your Honor. I tried to find the court 12b-6 cases. Oh, Your Honor, one other 12b-6 case where there were holes in narrative and the district court declined to resolve the question based on the pleadings alone. And this is Humback v. Cannon, H-U-M-B-A-C-H. It's a Southern District, New York case from 2014. And that site is 2014 Westlaw WL 6057703. Okay, thank you, Your Honor. Your Honors, I just want to respond to this thought that Officer Chaudry did not know the exact contents of the 911 call, and thus how could he have had probable cause to make the arrest. I'm not aware of precedent that says that an arresting officer has to know exactly what a victim, a putative victim, communicated to 911 in order to have probable cause. Instead, with a fellow officer role, he knew that Capital One, the bank, had made this complaint of trespass and possible burglary to 911, and he was authorized to act on that complaint. With regard to the fact that there were claims made, yes. The law does say that if the circumstances raise some doubt as to the veracity of the complaint or the call, that there is a duty to investigate. So here, given the circumstances, isn't it plausible that the circumstances raised some doubt as to the veracity of the call, the allegation that he was trespassing? I don't think so, Your Honor. Not perhaps ambiguously, but not so much so that no reasonable officer could have relied on the call as prima facie evidence of trespass. Burglary, maybe. Maybe the circumstances raised doubts as to the veracity of the claim that this person was taking things from the bank because there's no allegation that the officers saw him doing so. But trespass? It's a plausibility standard at this point, and I guess is it plausible that a reasonable police officer should have done some investigation here in light of the circumstances, including the lights on, 940, doors open, et cetera? Well, the question isn't whether one officer may have thought it was plausible or reasonable to do so, but whether no reasonable Is it plausible that no reasonable police officer would have arrested him without at least inquiring? Why are you here, sir? Well, no, Your Honor. You would have said, I'm here to cash my check. Well, I think it's clear that a business owner's communication to police that a certain individual is not on their premises with their authorization constitutes prima facie a probable cause to arrest, no matter whether the circumstances may indicate that the person reasonably believed that he had authority to be there. You're saying that the police officer had probable cause to arrest purely based on the phone call that someone was there trespassing. That there's no dispute. That's enough, period. There's no dispute in the complaint that it was Jerkowich that was the subject of the call. No one else. Now, had the I mean, the call didn't say Mr. Jerkowich. The call said a man. Well, the complaint repeatedly says Capital One defendants falsely alleged the plaintiff was trespassing. Had there been There's absolutely no allegation, and Capital One then replied to our motion to dismiss, confirming that it called 911 to report that the plaintiff was trespassing. So there's no factual dispute here. The allegations of the complaint square with Capital One's admission that the plaintiff was the subject of the complaint, of the 911 call. Yes, it is plausible to imagine a situation where the police could have gotten there and there was evidence that was so plainly exculpatory that they should have questioned the veracity of the 911 caller, but we would submit that that is not the case here. The bank did not need to be closed. It did not need to be clear that the bank was closed. A business owner can assert to police that someone is trespassing in an open business if the business owner does not want that person to be there. But here we believe that there was arguable probable cause to arrest. But you do have to have an intent for criminal trespass, right? The defendant, the person arrested, has to know that he is in a place where he's not licensed to be. For a criminal conviction, yes. But the case law is clear, and again, Finnegan v. Marshall, 574 F. 3rd, 57. In that case, the court clearly held the knowledge requirement does not need to be satisfied. There can be extreme ambiguity. The plaintiff can even be telling the officer, look, I have title to this home, I am allowed to be here, but there is still a probable cause to arrest. Thank you. Thank you both.